REQUESTED BY: Dear Senator DeCamp:
You have asked for our opinion on the constitutionality of a bill which would authorize an election to place a limitation upon the state budget funded by sales, use, and income taxes. The document you have provided to us appears to be in bill form, although it does not bear a request number nor is it identified by an LB number. You indicate in your question that you want our opinion on this document for purposes of use in the debate on LB 613.
The document you have provided generally provides that an election may be held to place a limit upon the state budget funded by sales, use, and income taxes when seven percent of the registered voters sign a petition and they are distributed such that at least five percent of the electors of each of two-fifths of the counties are included. The percentages are to be based on the votes cast for Governor at the last general election and the vote is to be held at the first general election not less than four months after the petitions have been filed with the Secretary of State.
Section 4 requires that the petition set forth the total dollar amount that shall be funded by sales, use, and income taxes, the fiscal year such budget becomes applicable, and limitations, if any, on subsequent budgets.
Section 3 provides that the budget limitation shall be adopted by a majority of the votes cast on that question and not less than thirty-five percent of the total vote cast in the election is in favor of the imposition of a lid.
We note several technical flaws in the bill. In section 1 it provides that seven percent of the registeredvoters sign the petition distributed to that it includes at least five percent of the electors of each of two-fifths of the counties. The different terms should be harmonized. No definition is given of the budget funded by sales, use, and income taxes nor is it entirely clear how that sum is to be determined. The state budget is funded from sources other than those enumerated in the act and thus a calculation must of necessity be made to determine what portion of the state budget such a limitation would have reference to.
The method of adopting the petition set forth in section 1 of your document simply restates the provisions of Article III, section 2, of the Constitution which reserves the power of initiative to the people of the state. There can be no question that the power of initiative includes the ability to adopt measures relating to budget limitations. The power of the initiative has generally been codified by the Legislature in past sessions and the procedures to be followed in initiating measures are well known.
The Supreme Court has, on several occasions, considered the power of initiative and has stated, `The constitutional provisions with respect to the right of initiative and referendum reserved to the people should be construed to make effective the powers reserved.' Klosterman v. Marsh,180 Neb. 506, 143 N.W.2d 744 (1966). In particular, with respect to initiating measures with respect to taxation, the Supreme Court in State ex rel. Morris v. Marsh, 183 Neb. 521,162 N.W.2d 262 (1968), had before it the question of an initiative petition which sought to amend the Constitution to prohibit the state from levying an income tax. Previously a constitutional amendment had been adopted to prohibit the state from levying a property tax.
The court, although not reaching that specific question in the case, stated:
 "The power to tax is essential to the continued existence of a state. A constitutional amendment which would destroy or completely emasculate that power might well be itself unconstitutional. That issue is not presently here."
There were two vigorous dissents in that case, both of which argued that the initiative was improper, at least in part, because it sought to foreclose the ability of the state to finance its function by limiting the area of taxation available to the state.
While it does not appear to us that the particular proposal that you requested review on reaches that level, it is conceivable that an action under this proposal could in fact reach that level. For instance, if a petition called for a total dollar amount expended on a budget funded by sales, use, and income taxes of zero, the ability of the state to function would be, for all practical purposes, terminated. To that extent it is conceivable that the act could result in an unconstitutional attempt to limit the state's taxing authority. However, to reach such a conclusion would require speculation as to what may happen sometime in the future.
Generally, we may say that the provision which you propose is a mere repetition of the existing provisions of Article III, section 2, of the Constitution which relates to initiative and generally appears to be within the constitutional authority of the Legislature to adopt.
In reaching this conclusion we are not ignoring certain other aspects of the proposal which relate to the ability to bind future Legislatures by action of a vote of the people on an initiative type proposition. We believe the cases are relatively clear that the initiative and referendum power exercised by the Legislature and the people are concurrent in nature. That which one does may be undone by the other or vice versa. To that extent the binding nature of any action taken is problematical at best.